IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02722-CMA-KLM

ANTHONY LAWRENCE GARCIA,

     Plaintiff,

v.

DR. WRIGHT, individually and as a Centennial Correctional Facility physician, and
DR. WHITE, individually and as a Buena Vista Correctional Complex physician,

     Defendants.

---

## ORDER

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Plaintiff's **Request for Summary Judgment** [Docket No. 48; Filed April 3, 2012]; on Plaintiff's **Motion for Appointment of Counsel** [Docket No. 63; Filed June 26, 2012]; and on Plaintiff's **Motion for Show Cause Order and Appointment of Independent Expert Witness** [Docket No. 66; Filed June 29, 2012].

     In his Request for Summary Judgment [#48], Plaintiff seeks entry of summary judgment in his favor on the basis that Defendants allegedly failed to properly follow the Federal Rules of Civil Procedure in responding to his discovery requests.[1]  However, entry of summary judgment is not an appropriate remedy under these circumstances; if Plaintiff believes that discovery abuse has occurred, he must comply with the mandates of Fed. R. Civ. P. 37(a), which outline the procedure for obtaining a court order concerning disclosures

---

[1] Based on this Motion [#48] and the accompanying Response [#50], it appears that Plaintiff received the discovery he sought, but that the sole issue was timeliness.

or discovery, before seeking a drastic sanction such as entry of summary judgment.  *See Alexander v. Archuleta County, Colo.*, No. 08-cv-00912-CMA-KLM, 2009 WL 1392072, at *3-4 (D. Colo. May 15, 2009).  Thus, Plaintiff's request for summary judgment is **denied without prejudice**.

Plaintiff also seeks appointment of counsel in this matter. [#63].  This is Plaintiff's third motion seeking appointment of counsel by the Court.  *See* [#11, #35].  The Court denied Plaintiff's prior requests.  *See Order Denying Motion for Appointment of Counsel* [#16]; *Minute Order* [#41].  Here, the only new information provided by Plaintiff is that he has personally made additional, unsuccessful efforts to obtain counsel; that he requires counsel to question Defendants' expert witnesses at trial; and that he needs counsel to help him find witnesses, takes depositions and discover pertinent evidence.[2]  *See* [#63] at 3.  These additional facts do not change the Court's analysis as set forth in response to Plaintiff's first and second requests for appointment of counsel.  *See Order Denying Motion for Appointment of Counsel* [#16]; *Minute Order* [#41].  Thus, Plaintiff's request for appointment of counsel is again **denied**.

Plaintiff further seeks the appointment of an independent expert witness to counter the "biased" interpretation of Plaintiff's medical records by Defendants' expert witnesses.  *See* [#66].  The Court's authority to appoint an independent expert witness is discretionary pursuant to Fed. R. Evid. 706.  *Cestnik v. Fed. Bureau of Prisons*, No. 03-1124, 2003 WL 22969354, at *2 (10th Cir. Dec. 18, 2003).  "The appointment of an expert pursuant to Rule

---

[2] Plaintiff also asserts that this case has been set for trial.  *See* [#63] at 3.  However, a trial date has not yet been set in this matter.

706 is not intended to further partisan interests of any party, but to aid the Court, through the services of an impartial expert in its assessment of technical issues." *McKinney v. United States*, No. 07-cv-00838-PAB-KMT, 2009 WL 798583, at *1 (D. Colo. Mar.24, 2009) (citation omitted).  Although Plaintiff's lawsuit involves medical issues, the Court cannot find at this stage that the case is overly complex or scientific.  *See id.* (citing *Cestnik*, 2003 WL 22969354, at *2).  Plaintiff has simply not yet "presented compelling circumstances to warrant appointment of an expert at the court's expense."  *McKinney*, 2009 WL 798583, at *2.  Although Plaintiff's Declaration [#65] avers that certain medical experts ("Dr. Richard E. Hodge, M.D., Dr. Paul E. Numsen, M.D., and Pauletta Folsom, R.N.") stated that he suffered a heart attack while incarcerated, Plaintiff fails to explain why he cannot use the testimony of these "experts" to advance his claims, or why if he did so their testimony would be inadequate.  However, this case remains in the discovery phase and the dispositive motions deadline is not until October 1, 2012.  *See* [#45].  As the underlying medical issues in this case are clarified, compelling circumstances may emerge such that the appointment of an independent expert witness is appropriate.  Thus, Plaintiff's request for appointment of an independent expert witness is **denied without prejudice**.

Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Request for Summary Judgment [#48] is **DENIED WITHOUT PREJUDICE**.

IT IS FURTHER **ORDERED** that Plaintiff's Motion for Appointment of Counsel [#63] is **DENIED**.

IT IS FURTHER **ORDERED** that the Motion for Show Cause Order and Appointment

of Independent Expert Witness [#66] is **DENIED WITHOUT PREJUDICE**.

Dated:  July 6, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge