IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02722-CMA-KLM

ANTHONY LAWRENCE GARCIA,

    Plaintiff,

v.

DR. WRIGHT, individually and as a Centennial Correctional Facility physician, and
DR. WHITE, individually and as a Buena Vista Correctional Complex physician,

    Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion Objecting to Defendants' Expert Witnesses** [Docket No. 61; Filed June 22, 2012] (the "Motion to Strike") and on Plaintiff's **Motion for an Order Compelling Discovery** [Docket No. 73; Filed July 25, 2012] (the "Motion to Compel").

    Addressing the Motion for Order [#73] first, Plaintiff states that he submitted discovery requests to Defendants pursuant to Fed. R. Civ. P. 34 on February 28, 2012, but that he has yet to receive two of the documents he requested: (1) "Page #1 of Dr. Paul Numen's medical report that was conducted at St. Thomas More Hospital on November 19, 2011," and (2) "April 2011 EKG that was taken at C.C.F. Medical Ward."

    Defendants respond by stating that they are providing Plaintiff with Dr. Paul Numen's complete report again, including the first page. *Response to Motion to Compel* [#77] at 2. Thus, the Court finds that Plaintiff's first request is now moot.

    In connection with Plaintiff's second request, Defendants aver that they have checked Plaintiff's medical file twice and that it does not contain the record sought by Plaintiff. *Id.* at 2-3. They state that they have provided Plaintiff with his entire medical file and that, if Plaintiff wishes to personally review his medical file, he may request to do so at any time. *Id.* at 3. The Court cannot compel Defendants to produce documents that they do not possess. In consideration of these circumstances, the Court denies without prejudice Plaintiff's second discovery request.

Turning to the Motion to Strike [#61], Plaintiff seeks to strike Defendants' three expert witnesses: Dr. Paula Frantz ("Dr. Frantz"), Dr. J. William Wright, and Dr. Andrea White.  See [#61].  The latter two expert witnesses are the two Defendants in this matter, both of whom are employees of the Colorado Department of Corrections ("CDOC").  See id. at 2.  Dr. Frantz is the Chief Medical Officer for CDOC.  See id. at 1.  Plaintiff's only stated reasons to strike these experts are that they will have biased opinions and their testimony "will be taking away any chance the Plaintiff has to prove to the jury the validity of his claims."  Id. at 2-3.

CDOC employees may have an interest in testifying on behalf of their employer, which, while it may render their opinions biased, also make those opinions informed.  An employee's bias is "an obvious target of cross examination and impeachment, but not a reason for disqualification."  See James River Ins. Co. v. Rapid Funding, LLC, 07-cv-01146-CMA-BNB, 2009 WL 481688, at *6 (D. Colo. Feb. 24, 2009), reversed on other grounds by James River Ins. Co. v. Rapid Funding, LLC, 658 F.3d 1207 (10th Cir. 2011).  The Court therefore denies Plaintiff's request to strike these three expert witnesses.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Strike [#61] is **DENIED**.

IT IS FURTHER **ORDERED** that the Motion to Compel [#73] is **DENIED AS MOOT in part and DENIED WITHOUT PREJUDICE in part**, as outlined above.

IT IS FURTHER **ORDERED**, sua sponte,[1] that the Clerk of the Court is directed to maintain the following document **UNDER RESTRICTION** at **LEVEL 1**:[2] Plaintiff's medical record attached as Exhibit 3 to Defendants' Response to Plaintiff's Motion to Compel [#77-3].

Dated:  August 17, 2012

---

[1] Pursuant to D.C.COLO.LCivR 7.2, the Court finds that the presumption of public access to Court files is outweighed by Plaintiff's interest in the privacy of his medical records and that a less restrictive alternative is not practicable.

[2] Level 1, the least restrictive, limits access to the documents to the parties and the Court.  See D.C.COLO.LCivR 7.2.