IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02722-CMA-KLM

ANTHONY LAWRENCE GARCIA,

      Plaintiff,

v.

DR. WRIGHT, individually and as a Centennial Correctional Facility physician, and
DR. WHITE, individually and as a Buena Vista Correctional Complex physician,

      Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendants' **Motion for Summary Judgment** [Docket No. 104; Filed November 5, 2012] (the "Motion"). On December 20, 2012, Plaintiff, who is proceeding *pro se*, filed a Response [#115]. Pursuant to 28 U.S.C. § 636 (b)(1) and D.C.COLO.LCivR 72.1C., the Motion has been referred to this Court for a recommendation regarding disposition. The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that Defendants' Motion [#104] be **GRANTED**, and that Plaintiff's Complaint [#1] be **DISMISSED without prejudice**.

### I. Summary of the Case

      Plaintiff is a *pro se* inmate currently confined at the Limon Correctional Facility in Limon, Colorado. [#104]. On October 19, 2011, Plaintiff filed a Complaint [#1] in which he alleges that Defendants violated his Eighth Amendment constitutional rights by failing to

-1-

provide him with adequate medical treatment for his alleged heart condition.  The two Defendants in this matter are health care professionals who prescribed medication to Plaintiff that allegedly caused him to have a heart attack.  *Compl.* [#1] at 2.  In the Motion, Defendants argue that Plaintiff failed to complete the administrative remedy process as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this case.  They also argue, in the alternative, that Defendants are entitled to Eleventh Amendment immunity in their official capacities; that the evidence does not support a cognizable Eighth Amendment claim against Defendants; and that Defendants are entitled to qualified immunity in their individual capacities.

## II.  Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Under Fed. R. Civ. P. 56(c), summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law.  *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323).  When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine

issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671.  If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).  The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

When considering Plaintiff's filings, the Court is mindful that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be a *pro se* litigant's advocate, nor should it "supply additional factual allegations to round out his complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d

1276, 1277 (10th Cir. 1994).

## III.  Analysis

Defendants contend, in part, that they are entitled to entry of summary judgment in their favor because the undisputed facts demonstrate that Plaintiff failed to exhaust his administrative remedies as required by the PLRA before filing this case.  *Motion* [#104] at 14.  The PLRA provides as follows:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences."  *Porter v. Nussle*, 534 U.S. 516, 520 (2002).  "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citation omitted); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

A prisoner plaintiff is not required to specifically plead that he has exhausted his available administrative remedies or to attach exhibits proving exhaustion to his complaint. *Jones*, 549 U.S. at 216.  The burden is therefore on defendants to raise failure to exhaust as an affirmative defense in a motion for summary judgment.  *Id.*  If the evidence produced by the parties shows that there are no genuine factual issues regarding the plaintiff's failure to properly exhaust his available administrative remedies, the complaint must be dismissed without prejudice.  *See Dawson v. Werholtz*, No. 07-3165, 2008 WL 1773866, at *1 n.1 (D. Kan. Apr. 16, 2008) (citing *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th

Cir. 2007) (stating that dismissal of unexhausted claims on summary judgment should be without prejudice)).

Prison facilities are tasked with the responsibility of establishing administrative review procedures for addressing prisoner grievances.  To satisfy the PLRA exhaustion requirement, a prisoner plaintiff "must 'complete the administrative review process in accordance with the applicable procedural rules' – rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88); *see also id.* ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("Even where the 'available' remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available." (citing *Booth v. Churner*, 532 U.S. 731, 740 (2001))).  "Compliance with prison grievance procedures . . . is all that is required by the PLRA to properly exhaust," *Jones*, 549 U.S. at 218, but compliance must be **complete**, i.e., the inmate must abide by **all** of the "agency's deadlines and other critical procedural rules," *Woodford*, 548 U.S. at 90-91.   Complete compliance is required "because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Id.*  Accordingly, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan*, 304 F.3d at 1032 (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

The Colorado Department of Corrections ("CDOC") grievance procedures applicable

to this case are described in the affidavit of CDOC Step 3 Grievance Officer Anthony DeCesaro ("DeCesaro") and the attached Administrative Regulation ("AR") 850-04.  *Aff. of DeCesaro* [#104-1].  Pursuant to the CDOC grievance policy, inmates must grieve any alleged injuries or unlawful conduct by pursuing a three-step process: (1) the inmate must attempt to resolve the issue or complaint by filing a Step 1 grievance within 30 days of the discovery of the issue or complaint; (2) if the inmate is not satisfied with the response/resolution of his Step 1 grievance, he must filed a Step 2 grievance within five days of receipt of the written response to his Step 1 grievance; and (3) if the inmate is still not satisfied with the response/resolution of his grievance, he must file a Step 3 grievance within five days of receipt of the written response to his Step 2 grievance.  *Id.* ¶¶ 5-8.

Defendants contend that Plaintiff did not complete the 3-step grievance process.  *Id.* ¶ 15.  They aver that the only two Step 3 grievances they have received from Plaintiff concerning medical care involve a complaint relating to medical co-payment and a complaint relating to alleged denial of mental health medication.  *Id.* ¶¶ 12-13 (attaching copies of these grievances).  They state that they have no record that Plaintiff filed any grievances concerning medical care rendered by either Defendant.  *Id.* ¶¶ 11, 14.

The Court finds that Defendants have made a prima facie showing that Plaintiff failed to properly exhaust his administrative remedies with CDOC.  The burden therefore shifts to Plaintiff to show the existence of a genuine factual dispute about whether he properly exhausted.  To carry this burden, Plaintiff "must respond with specific facts demonstrating genuine issues requiring resolution at trial."  *Conaway v. Smith*, 853 F.2d 789, 792 n.4 (10th Cir. 1988).

Plaintiff responds by directing the Court's attention to a Declaration he filed on

January 3, 2012, in which he claims that he completed the grievance process for the claims at issue in this case. *Decl. of Pl.: Ex. C* [#28]. He attaches to his Declaration copies of Step 1, Step 2, and Step 3 grievances, along with CDOC's response to each. *Id.* at 2-5. Examining the content of these grievances, the Court finds that they closely align with the alleged actions that form the basis of this suit, *i.e.*, that he was provided with medication that caused him to have a heart attack.

In response to Plaintiff's Step 2 grievance, he was informed that the grievance was denied on procedural grounds because the remedies he requested, *i.e.*, compensatory and punitive damages, were not available to him.[1]  *Id.* at 3. Nevertheless, in his Step 3 grievance, Plaintiff continued to request the same remedy. *Id.* at 4. In response, Mr. DeCesaro again informed him, in writing, that the remedies sought by Plaintiff were unavailable. *Id.* at 5. Mr. DeCesaro also clearly informed Plaintiff that he had not exhausted his administrative remedies because he failed to "satisfactorily request allowable relief."[2]  *Id.*

Based on this evidence, the Court finds that Plaintiff has not carried his burden of showing that a genuine factual dispute exists as to whether he exhausted his administrative remedies with respect to Defendants. None of the documents provided suggests that he

---

[1] AR 850-04 defines a "remedy" as: "A meaningful response, action, or redress requested by the offender grievant at the step 1, 2, or 3 level, which may include modification of facility policy, restoration of or restitution for property, or assurance that abuse will not recur. DOC employee, contract worker, or volunteer discipline/reprimand, damages for pain and suffering, and exemplary or punitive damages are not remedies available to offenders." *Aff. of DeCesaro* [#104-1] at 6.

[2] Mr. DeCesaro's statement comports with the applicable CDOC regulation: "The grievance officer may deny the grievance on procedural grounds, without addressing the substantive issues, if the grievance . . . requests relief that is not available . . . . When a grievance is denied for a procedural error, the grievance officer shall certify in the response that the offender has **not** exhausted the grievance process." *Aff. of DeCesaro* [#104-1] at 9 (emphasis in original).

did in fact file grievances against Defendants that complied with AR 850-04 so as to exhaust the grievance process.  Even if he did so, Plaintiff has not attached a copy of the relevant grievance forms and has not made any specific factual allegations (e.g., the date when he allegedly filed the appropriate grievances against Defendants) that support his position.  Plaintiff therefore has not provided the Court with "actual evidence that would allow it to conclude that [a grievance] was in fact submitted" that exhausted the grievance process. *Allen v. Schmutzler*, No. 07-cv-01224, 2010 WL 618489, at *6 (D. Colo. Feb. 18, 2010).

The PLRA requires "**strict compliance**" with CDOC's administrative grievance procedures. *See, e.g., Chavez v. Thorton*, No. 05-cv-00607, 2008 WL 2020319, at *4 (D. Colo. May 9, 2008) (holding that an inmate's handwritten letter complaining about prison conditions did not comply with the prison's grievance procedure because it was not submitted on a required grievance form).  The decisions of the Supreme Court and the Court of Appeals for the Tenth Circuit have made it very clear that compliance with prison grievance procedures must be **exact**, even when such compliance is burdensome or procedurally complex.  *See Jernigan*, 304 F.3d at 1032 (explaining that "substantial compliance" with administrate remedy procedures is inadequate, and expressly rejecting the argument that "'inmates do not have to properly complete the grievance process, [or] correct [procedural] deficiencies'" (quoting an inmate plaintiff's brief)).

It is not the Court's place to second guess the necessity or wisdom of administrative grievance procedures like CDOC's requirement that an inmate properly complete three steps. *See Wright*, 260 F.3d at 358 (noting that the PLRA does not "enable judges, by

creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems"); *see generally Mower v. Swyhart*, 545 F.2d 103, 104 (10th Cir. 1976) ("Where [an] administrative remedy is clearly available, it would be totally inappropriate for [a] court to interfere in the internal administration of [a] prison." (citation omitted)).  The avenues to comply with CDOC's grievance procedure are well articulated.  The record is devoid of evidence to refute the evidence that Plaintiff failed to exhaust his administrative remedies with respect to the conduct at issue by Defendants.  Accordingly, the Court concludes that Defendants are entitled to entry of summary judgment in their favor.

### IV.  Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendants' Motion [#104] be **GRANTED**.

The Court FURTHER **RECOMMENDS** that this case be **DISMISSED without prejudice**.  *See Fields*, 511 F.3d at 1113 (stating that dismissal of unexhausted claims on summary judgment should be without prejudice).

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this

Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

      Dated:  January 2, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge