**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

**Civil Action No. 11-cv-02722-RM-KLM**

ANTHONY LAWRENCE GARCIA,

    Plaintiff,

v.

DR. WRIGHT, Centennial Correctional Facility Physician, and
DR. WHITE, Buena Vista Correctional Complex Physician, individually and in their official capacities,

    Defendants.

---

**ORDER ADOPTING MAGISTRATE'S RECOMMENDATION
AND DISMISSING CASE**

---

This matter is before the Court on U.S. Magistrate Judge Kristen L. Mix's Recommendation ("Recommendation") (ECF No. 117) that this Court grant the Motion for Summary Judgment filed by Defendants Dr. Wright and Dr. White (collectively, "Defendants"). Plaintiff Anthony Lawrence Garcia ("Plaintiff") has filed timely Objections to the Recommendation (the "Objections"). (ECF No. 121.) For the reasons stated below, the Objections to the Recommendation are OVERRULED, the Magistrate Judge's Recommendation is ADOPTED, and Plaintiff's Complaint is DISMISSED.

    **I.    LEGAL STANDARD**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its

review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the Magistrate Judge's recommendations and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. FACTS AND PROCEDURAL HISTORY

The Court adopts and incorporates the factual and procedural history included within the Recommendation as if set forth herein. To the extent any additional facts are necessary for the Court's resolution of this matter, such facts are below.

Plaintiff filed this 42 U.S.C. § 1983 action on October 19, 2011, alleging that Defendant violated his Eighth Amendment constitutional rights by failing to provide him with adequate

medical treatment for a heart condition (the "Complaint"). (ECF No 1.) He accuses Defendants of prescribing medication to Plaintiff that allegedly caused him to have a heart attack. (*Id*. at 2.)

The Colorado Department of Corrections ("CDOC") grievance procedures require an inmate to pursue remedies for alleged injuries by following a three-step process: (1) file a Step 1 grievance within 30 days of the discovery of the issue or complaint; (2) if not satisfied with the response to his or her Step 1 grievance, the inmate must file a Step 2 grievance within five days of receipt of the written response to his Step 1 grievance; (3) if not satisfied with the response to his or her Step 2 grievance, the inmate must file a Step 3 grievance within five days of receipt of the written response to his Step 2 grievance. (ECF No. 104-1.) The CDOC has a regulation permitting grievance officers to "deny the grievance on procedural grounds…if the grievance…requests relief that is not available… When a grievance is denied for a procedural error, the grievance officer shall certify in the response that the offender has **not** exhausted the grievance process." (ECF No. 104-1) (emphasis in original). Plaintiff filed all three grievances regarding the conduct at issue in the Complaint.[1]

---

[1] Defendants originally contended that Plaintiff did not complete the 3-step grievance process because he did not complete three grievances concerning medical care rendered by either Defendant. (ECF No. 104 at 14.) As noted in the Recommendation and acknowledged in Defendants' Response to Plaintiff's Objection, Plaintiff did in fact file three grievances regarding the medical care he received from Defendants. (ECF Nos. 117, 123.) Plaintiff filed a Declaration on January 3, 2012 and attached copies of his Step 1, Step 2, and Step 3 grievances, along with CDOC's responses to each. (ECF No. 28.) Yet in the Affidavit of Anthony DeCesaro, filed November 5, 2012, ten months after Plaintiff's Declaration was filed, Mr. DeCasaro claimed that he "found no record that Mr. Garcia filed any grievances concerning the medical care rendered by NP White or Dr. Wright." (ECF No. 104-1 at 3.) The Motion for Summary Judgment submitted by Defendants' counsel also claimed that "the evidence establishes that Garcia could have filed grievances regarding the medical care provided by Defendants, but that Garcia failed to do so." (ECF No. 104 at 14.) After the Recommendation was issued, Defendants acknowledged their mistake, saying that "Mr. DeCesaro discovered that during his prior review of the grievance database, he inadvertently overlooked Plaintiff's step 3 grievance…Defendants had planned to alert the Court to this error in their reply brief and to withdraw that aspect of their defense with regard to Plaintiff's failure to exhaust. However, prior to filing the reply brief, Magistrate Judge Mix issued a Recommendation." (ECF No. 123 at 3.) Although this Court agrees with the Recommendation that the grievances Plaintiff filed did not in fact comply with CDOC procedures and he has thus not exhausted his administrative remedies, the failure by the Defendants to take note of Plaintiff's Declaration and

3

Plaintiff was informed that his request was denied on procedural grounds because the remedies he requested – compensatory and punitive damages – were not available to him. (ECF No. 28.) The remedies that were available to him included "modification of facility policy" and "assurance that abuse will not recur." (ECF No. 104-1 at 6.) In all three of his filed grievances, Plaintiff continued to request only compensatory and punitive damages. (ECF No. 28.) In response to his final grievance, the Step 3 grievance, Plaintiff was informed that he had not exhausted his administrative remedies because he failed to "satisfactorily request allowable relief." (ECF No. 104-1 at 5.)

In his Objections, Plaintiff argues that "with the heart attack already suffered there is no other remedy besides compensatory and punitive damages that the Plaintiff can seek. For this reason alone the plaintiff continued to ask for the same remedy." (ECF No. 121 at 1-2.)

**III. ANALYSIS**

This Court has reviewed the Recommendation and all relevant pleadings, and concludes that Magistrate Judge Mix's analysis of the issues was thorough and her conclusions were correct. Defendants, in their briefing, offered a range of arguments in favor of dismissal of this case: namely, that Defendants are entitled to Eleventh Amendment immunity in their official and individual capacities, that the evidence does not support a cognizable claim against Defendants, and that Plaintiff failed to complete the administrative remedy process required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)(a). (ECF No. 104.) Since this Court agrees with Magistrate Judge Mix that Plaintiff has failed to exhaust his administrative remedies, it is unnecessary to address the other arguments advanced by Defendants.

---

the baseless allegation that he had not exhausted his remedies due to a failure to file relevant grievances are, to say the least, disturbing to this Court.

The exhaustion requirement of the PLRA "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). If the evidence produced by the parties shows that there are no genuine factual issues regarding the plaintiff's failure to properly exhaust his available administrative remedies, the complaint must be dismissed without prejudice. *See Dawson v. Werholtz*, No. 07-3165, 2008 WL 1773866, at *1 n.1 (D. Kan. Apr. 16, 2008) (citing *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (stating that dismissal of unexhausted claims on summary judgment should be without prejudice)). "[E]xhaustion is required regardless of the relief offered through administrative procedures . . . Congress's imposition of an obviously broader exhaustion requirement makes it highly implausible that it meant to give prisoners a strong inducement to skip the administrative process simply by limiting prayers for relief to money damages not offered through administrative grievance mechanisms." *Booth v. Churner*, 532 U.S. 731, 731-32 (2001). The Supreme Court has held that the law requires "proper exhaustion of administrative remedies, which means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quotations omitted).

Plaintiff has not carried his burden of showing that a genuine factual dispute exists as to whether he exhausted his administrative remedies with respect to Defendants. Plaintiff was informed in writing more than once that he was required to request allowable relief as one of the procedures of the DCOC grievance process, and he ignored this explicit instruction and requested the exact same relief on all three of his grievance forms. The Supreme Court and the Tenth Circuit have clearly articulated that compliance with administrative grievance procedures

must be exact and complete. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("Even where the 'available' remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available.") (citing *Booth*, 532 U.S. at 740). This Court finds that Plaintiff has not exhausted his administrative remedies, and that this suit should therefore be dismissed without prejudice.

## IV. CONCLUSION

Based on the foregoing and a *de novo* review of this matter, it is ORDERED that:

1. Plaintiff's Objections to the Magistrate Judge's January 2, 2013 Recommendation are OVERRULED and the Recommendation is ADOPTED;

2. The Complaint in this matter is DISMISSED without prejudice;

3. Leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

4. Any and all remaining pending Motions are DENIED as moot;

5. The Clerk of the Court is directed to close this case.

DATED this 8th day of July, 2013.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge